# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6713 | **DATE** | 8/24/2012 |
| **CASE TITLE** | Commodore Jackson (R-59842) v. Officer Cellular, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice. The complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is given until 9/24/12 to either to file a complete *in forma pauperis* application in compliance with this order or to pay the $350 filing fee **and** to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiff, Commodore Jackson, a prisoner at the Danville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for leave to proceed *informa pauperis* but the motion is incomplete. Plaintiff's trust fund account information is not certified by the trust fund officer and the trust fund account ledger does not include the information for the 6-month period immediately preceding the filing of the complaint

     Local Rule 3.3 of this Court requires that persons seeking leave to file *in forma pauperis* to file both an *in forma pauperis* petition and a financial affidavit. The *in forma pauperis* form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). If Plaintiff wants to proceed on his complaint, he must file a new motion for leave to file *in forma pauperis* on the Court's form and have an authorized official provide information regarding his trust fund account, including a copy of his trust fund account for the 6-month period immediately preceding the filing of the complaint. Plaintiff must also write the case number in the space provided for it.

     The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:
    (A)    the average monthly deposits in the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
28 U.S.C. § 1915(b)(1).

     The Court will authorize prison officials to deduct the initial filing fee payment directly from plaintiff's trust fund account. Thereafter, correctional authorities having custody of plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

     To enable the Court to make the necessary initial assessment of the filing fee, plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

    JJD

| STATEMENT |
|---|

preceding filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).

Furthermore, Plaintiff's complaint fails to state a claim upon which relief can be granted.

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff first alleges that he has been denied healthcare because he had a pass to go to healthcare and he was denied a prompt medical screening. As with all of Plaintiff's allegations, he does not indicate when either allegedly occurred or who was responsible for each denial of medical care (it is unclear if they are one-in -the-same or two different incidents). Plaintiff next alleges that he was denied outdoor exercise while detained at Cook County. Plaintiff does indicate how long he was denied outdoor exercise or who denied him the ability to exercise outdoors. Plaintiff further alleges that he was housed in a division that did not have proper heat and that the denial of heat resulted in him not being able to properly prepare a defense. Plaintiff's minimal allegations neither state a claim for unconstitutional conditions of confinement nor a denial of access to courts claim. Lastly, Plaintiff alleges that he was denied a law library and that the alternate, legal materials being provided in his cell, constitute a denial of access to the courts. Again, Plaintiff does not allege when this allegedly occurred or who was involved. Plaintiff's minimal conclusory allegations, his failure to identify any named-Defendant in his allegations, and his failure to give any indication of when the allegations occurred, are insufficient to state a viable claim.

It also appears that Plaintiff's complaint improperly includes unrelated claims. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals held that unrelated claims involving unrelated defendants must be brought in separate suits. *George*, 507 F.3d at 606-07. It appears that Plaintiff is attempting to raise three distinct claims: denial of adequate medical care, unconstitutional conditions of confinement, and access to courts. Plaintiff's unrelated "claims" must be filed in separate suits.

Lastly, Plaintiff indicates that he also filed suit in the Circuit Court against the same Defendants and apparently raising the same claims (he references the allegations in this complaint). Plaintiff cannot pursue the same claims in two different courts at the same time.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted leave to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the second amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.