# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6713 | **DATE** | 10/4/2012 |
| **CASE TITLE** | Commodore Jackson (R-59842) vs. Officer Cellular, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's current motion to proceed *in forma pauperis* [8] is granted, and the initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement shall make deductions from Plaintiff's trust fund account in accordance with this order. The Clerk shall mail a copy of this order to the trust fund officer at the Big Muddy River Correctional Center. Plaintiff's amended complaint [9] fails to state a claim upon which this Court can grant relief. The amended complaint is dismissed, and the dismissal counts as one of Plaintiff's three allotted dismissals pursuant to 28 U.S.C. § 1915(g). Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

      Plaintiff Commodore Jackson, a prisoner at the Big Muddy River Correctional Center, has submitted another *in forma pauperis* ("IFP") application and an amended complaint, as the Court's August 24, 2012, order instructed him to do to proceed with this case. Plaintiff's prior IFP application was incomplete as it included no certificate from an authorized officer attesting to the amount of funds in Plaintiff's prison trust fund account and no trust fund account statements after May 2012, three months prior to his initiation of this suit. Plaintiff's current IFP application again contains no completed certificate; nor does the application include a certified copy of Plaintiff's trust fund account statement. However, Plaintiff includes with his application an explanation that he was transferred shortly after he initiated this suit, and his attempts to obtain trust fund account information from his current and prior places of incarceration have been unsuccessful. Given Plaintiff's difficulties with obtaining trust fund account information, and given that his available funds as of May 11, 2012, amounted to only $10.49, the Court will grant his current IFP application and waive the initial partial filing fee.

      The trust fund officer at Plaintiff's place of confinement shall deduct monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall identify Plaintiff's name and this case number. Plaintiff shall remain obligated for the filing fee and Big Muddy River Correctional Center officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

      As for the complaint, Plaintiff has narrowed his claims to the denial of acccess to the Cook County Jail's law library during his *pro se* defense of his criminal case. His allegations, however, do not state a valid claim and indicate that he could not state a valid claim if afforded an opportunity to submit another amended complaint. Plaintiff alleges that he was unable to obtain adequate access to the jail's law library during his criminal trial in which he was representing himself. He states that he was allowed, at most, only one hour visit to the library each week, despite a state court order and jail rules both calling for three visits. (R. 9, Amended Compl. at 4-5.) He asserts that he complained to the state trial judge and filed grievances asserting the same complaint he states here, that he was denied adequate library access despite a state court order, jail rules, and the fact that he was representing himself. (*Id.* at 6-11.)

      In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that the "fundamental constitutional

| STATEMENT |
|---|

right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Simply alleging a denial of or limited access to a library does not, however, by itself, state a valid claim of denied access to the courts. A plaintiff must allege facts that demonstrate an actual injury, i.e., that "the prison ... frustrated or ... imped[ed] an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; ... only if the defendants' conduct prejudices a potentially meritorious challenge [or claim] ... has this right been denied." *Maxy*, 674 F.3d at 661. Although Plaintiff alleges that he was denied adequate library access, he does not identify a meritorious claim or challenge that he was unable to raise. (*See id.*) Plaintiff has not presented a claim of denied access to the courts, but instead, only a denial of adequate access to a prison law library. Such a claim does not state a constitutional violation. *Maxy*, 674 F.3d at 661; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

     Furthermore, "a defendant who declines appointed counsel and instead invokes his constitutional right to self-representation under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), 'does not have a right to access to a law library.'" *U.S. v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010), quoting *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). "The rule is that [the defendant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." *Sykes*, 614 F.3d at 311, quoting *Byrd*, 208 F.3d at 593; *see also Bounds*, 430 U.S. at 830 ("while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here ... does not foreclose alternative means to achieve that goal").

     Plaintiff's contention that he was denied adequate access to the jail's law library while representing himself, even if he could identify an actual prejudice, does not assert a violation of his constitutional right to access the courts. His allegations, which state that his limited library access was contrary to an order from the Cook County Circuit Court and the Cook County Jail's rules, may present a state court claim, but not a constitutional claim for this Court. The amended complaint is therefore dismissed.

     Because Plaintiff fails to state a claim upon which this Court can grant relief, the dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, if he accumulates three strikes under §1915(g), he will not be able to pursue an action in federal court without prepaying the filing fee, unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

     If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed in forma pauperis on appeal, he must also submit an IFP application. A motion for leave to appeal IFP should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate another strike under 28 U.S.C. § 1915(g).